**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0729n.06
Filed: November 25, 2008

**No. 07-3345**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ON APPEAL** FROM THE |
| **Plaintiff-Appellee,** | ) | UNITED STATES DISTRICT |
| | ) | C O U R T   F O R   T H E |
| v. | ) | SOUTHERN DISTRICT OF |
| | ) | OHIO |
| WARREN LEE BACK, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |

BEFORE: NORRIS, ROGERS, and KETHLEDGE, Circuit Judges.

**ALAN E. NORRIS, Circuit Judge.** This single-issue appeal concerns the decision of the district court permitting defendant Warren Lee Back to represent himself at trial. The jury returned a guilty verdict on all eighteen counts of a superseding indictment. On appeal, defendant contends that the district court should have *sua sponte* ordered a psychiatric or psychological examination, which would have revealed that he was incompetent to choose self-representation due to mental illness. For the reasons outlined in this opinion, we hold that the district court conducted the proper inquiry before allowing defendant to represent himself.

**I.**

On November 11, 2005, a grand jury returned a two-count indictment charging defendant with bank robbery, 18 U.S.C. §§ 2113(a) & (d), and carrying a firearm in relation to a crime of violence, 18 U.S.C. § 924(c)(1). Defendant filed his motion seeking self-representation on October

10, 2006, less than a month before the return of a superseding indictment, which included sixteen additional counts. In his motion, defendant maintained that he understood the risks of his request, having had "significant exposure to the Criminal Justice System." He also noted that he had a GED, some college, understood the "severity" of the charges, and routinely visited the law library.

The district court held a hearing on October 20. Defendant told the court, "I'm aware of certain appealable rights that I give up based upon errors that I may make or any standby counsel may make." He acknowledged when questioned that he knew the charges involved mandatory minimum sentences. Although the district court cautioned defendant that self-representation was a "perilous undertaking," he stood firm. For his part, appointed counsel told the court that he had been impressed by his client's "knowledge and his skills." The district court granted the motion after offering further cautions but without inquiring into defendant's competency. The court assigned appointed counsel to stay on as standby counsel.

On December 1, 2006, the district court held a pretrial hearing. At this point, defendant had been re-arraigned on the superseding indictment. The trial began on December 11. It ended in a mistrial after the jury was permitted to hear a taped conversation that included information about defendant's criminal record.

The second trial lasted a week. In the course of his self-representation, defendant filed written motions, lodged numerous objections, and, after his conviction, prepared a sentencing memorandum.

The probation officer who prepared the pre-sentence report noted that defendant had a history of mental illness, including bipolar disorder for which he had received medication. He had also

attempted suicide during prior incarcerations. At sentencing, the district court observed that defendant might need psychological assessment and care while incarcerated.

The district court sentenced defendant to a total of 2,782 months of imprisonment, imposed an $1,800 assessment, and ordered defendant to pay restitution of $128,109.

**II.**

The United States Supreme Court has made clear that an accused, if "competent," has the constitutional right to self-representation. However, a defendant must make that choice knowingly and intelligently, which the Court explained in these terms:

> When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must knowingly and intelligently forgo those relinquished benefits. Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open.

> Here, weeks before trial, [defendant] clearly and unequivocally declared to the trial judge that he wanted to represent himself and did not want counsel. The record affirmatively shows that [defendant] was literate, competent, and understanding, and that he was voluntarily exercising his informed free will. The trial judge had warned [defendant] that he thought it was a mistake not to accept the assistance of counsel, and that [defendant] would be required to follow all the ground rules of trial procedure. We need make no assessment of how well or poorly [defendant] had mastered the intricacies of the hearsay rule and the California code provisions that govern challenges of potential jurors on voir dire. For his technical legal knowledge, as such, was not relevant to an assessment of his knowing exercise of the right to defend himself.

*Faretta v. California*, 422 U.S. 806, 835-36 (1975) (citations and punctuation omitted).

Defendant faults the district court for not ordering a competency hearing before granting the motion for self-representation. Even if that mistake could be excused, he maintains that his conduct during his first trial acted as a red flag to the judge and should have resulted in an order for psychological testing after the mistrial. As support for his position, defendant points out that he shifted back and forth between the first and third person when talking about himself and acted in a "grandiose" manner consistent with psychotic paranoia. As he puts it in his brief to this court, "A decision [to represent oneself] by a defendant facing life in prison on 18 counts plus enhancements itself should be a reason to at least doubt his competency, at least to the degree that a competency evaluation by a psychiatrist and/or psychologists should be conducted."

The Supreme court's recent holding in *Indiana v. Edwards*, 128 S.Ct. 2379 (2008), indicates that a defendant who proceeds pro se may need to meet a higher standard of competency than merely that needed to stand trial.[1] However, the record in this case does not give us reason to find that defendant fell within the potential gray area between competency to stand trial and competency to self-represent. Defendant's competency to stand trial was never in question, and nothing in the Court's recent opinion suggests that a disparity between these two competency standards creates an obligation that the trial court inquire into the defendant's competency to proceed pro se in every case in which a defendant wishes to do so.

---

[1]In *Dusky v. United States*, 362 U.S. 402 (1960), the Court held "that the standard for competence to stand trial is whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and had 'a rational as well as factual understanding of the proceedings against him.'" *Godinez v. Moran*, 509 U.S. 389, 396 (1993). (quoting *Dusky*)

The district court possesses the statutory authority to order a competency hearing at any time prior to sentencing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Prior to such a hearing, the court may order a psychiatric or psychological examination of defendant. 18 U.S.C. § 4241(b). However, defendant fails to point to anything in the record that would indicate that "there [was] reasonable cause" for the district court to suspect that he was mentally incompetent other than the general assertion that he acted in a "grandiose" manner during the first trial. As recounted above, the district court posed questions similar to those cited with approval in *Faretta* before granting defendant the right to represent himself:

> Defendant is aware of and understands the nature and seriousness of the charges against him, as well as the potential range of the sentence he may face if he is convicted of those charges. Defendant is fully competent to make the decision to represent himself. He has obviously invested significant time in legal research and he exhibited a clear understanding of the statutes he is accused of violating, as well as familiarity with the United States Sentencing Guidelines and the advisory nature of those Guidelines. Defendant also understands that his decision to represent himself will limit the bases upon which he may be able to pursue an appeal from any conviction and any sentence that may be imposed after trial.

Clearly, the district court was aware of the inquiry required when a defendant seeks to represent himself and there is nothing in the record to suggest either that the court failed to conduct such an inquiry or that the decision it reached constituted error.

We would be remiss if we did not address defendant's contention that seeking to proceed pro se, especially when confronted with serious charges, inherently raises the question of competency.

As the Supreme Court has made clear, while a criminal defendant who proceeds pro se may, like any other pro se litigant, have a fool for a client, that does not mean that he or she is presumptively incompetent:

> We do not mean to suggest, of course, that a court is required to make a competency determination in every case in which a defendant seeks to plead guilty or to waive his right to counsel. As in any criminal case, a competency determination is necessary only when a court has reason to doubt the defendant's competence.

*Godinez*, 509 U.S. at 401 n.13. In this case, even after the indictment was superseded with an additional sixteen counts, the district court had no reason to question defendant's competence. At the hearing on the original motion, defendant was told of the government's intent to seek additional charges but elected to proceed regardless. Also, before his second trial began, defendant acknowledged that he realized that he was facing 210 years of incarceration. While defendant's decision may have been ill-advised, the district court did enough to ascertain that defendant was capable of understanding the consequences of his course of action.

Finally, defendant takes issue with restrictions placed upon standby counsel by the district court. Specifically, he contends that standby counsel should have been permitted to sit at counsel table with him. Our review of the record indicates that defendant had ample opportunity to consult with standby counsel. Moreover, the district court indicated to defendant that he could have standby counsel join him but only in the role of full-fledged counsel. This court has previously held that a trial court has discretion not to allow a "hybrid" representation where appointed counsel performs some of the functions of trial counsel while the defendant performs others. *United States v. Mosely*,

810 F.2d 93, 97-98 (6th Cir. 1987).  In short, the district court acted well within its discretion in orchestrating the conduct of the trial.

**III.**

The judgment is **affirmed**.